UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY TIPPINS,

    Petitioner,

v.                                       Case No. 8:09-cv-1222-T-17TBM

SECRETARY, DEPARTMENT OF CORRECTIONS,

    Respondent.
_____

## **ORDER**

This cause is before the Court on Petitioner Gary Tippins's timely-filed 28 U.S.C. § 2254 petition for writ of habeas corpus. Tippins is proceeding on his court-ordered amended petition (hereinafter "Petition" or "petition"). (Doc. 7). Respondent responded to the petition and Tippins filed a reply to the response. (Docs. 29, 32). A review of the record demonstrates that, for the following reasons, the petition must be **denied.**

PROCEDURAL HISTORY

Tippins challenges his conviction and sentences entered by the Tenth Judicial Circuit, Polk County, Florida, in Case Nos. 02-2314, 02-8726, and 03-7794 CF.

**A) Original Disposition of Cases: 02-2314, 02-8726, & 03-7794**

**1) Case No. 02-2314**

On March 1, 2002, an Information was filed in Case No. 02-2314, charging Tippins with one count of Grand Theft, in violation of § 812.014(2)(c)6, Fla. Stat. (2002), and one count of Providing a False Name to a Law enforcement officer in violation of § 901.36(1), Fla. Stat. (2002). (See Exhibit 1-A Information filed in Case No. 02-2314).

On May 13, 2002, Tippins entered guilty pleas to both charges. (See Exhibit 1-B- Plea Form, Acknowledgment and Waiver of Rights). Tippins was sentenced that same day, and was placed on 36 months probation on count one, and to a concurrent term of twelve months probation on count two. (See Exhibit 1-C- Judgment and Sentence, and Order of Community Supervision, filed in Case No. 02-2314).

On June 11, 2002, an Affidavit of Violation of Probation was filed. Thereafter, an Amended Affidavit of Violation of Probation was filed on May 30, 2003. (See Exhibit 1-D Affidavit of Violation of Probation, and Amended Affidavit of Violation of Probation, filed in Case No. 02-2314). On November 3, 2003, Tippins entered a guilty plea to the charged violation of probation. The court then revoked Tippins's probation and sentenced him to 5 years incarceration, which was suspended, subject to the completion of five years probation and the successful completion of the "Phoenix House Drug Program". (See Exhibit 1-E- Judgment and Sentence filed in Case No. 02-2314). The sentence was to run concurrent with the probation imposed in case numbers 02-8726, and 03-7794. (See Exhibit 1-E).

On June 30, 2004, an Affidavit of Violation of Probation was filed. (See Exhibit 1-F- Affidavit of Violation of Probation, filed in Case No. 02-2314). On July 21, 2004, Tippins admitted to the violation. The Order Modifying probation was filed on November 23, 2004.

The court modified Tippins's probation to require that he enter and successfully complete the DACCO residential drug program, and to continue probation after the program was complete. (See Exhibit 1-Q- Order of Modification of Probation, filed in Case Nos. 02-2314, and 03-7794).

On September 10, 2004, an Affidavit of Violation of Probation was filed alleging that Tippins had failed to successfully complete the DACCO residential drug program as required in condition (17) of his previously modified probation order. (See Exhibit 1-P- Affidavit of Violation of Probation, filed in Case Nos. 02-2314 and 03-7794).  On November 16, 2004, although filed on February 1, 2005, the court modified his probation again, this time requiring that Tippins enter and successfully complete the Salvation Army residential drug program, and to continue probation after the program was complete. (See Exhibit 1-S- Order of Modification of Probation, filed in Case Nos. 02-2314 and 03-7794)  He was to be held in custody until a bed became available. (See Exhibit 1-S).

On January 11, 2005, another affidavit of violation of probation was filed alleging that Tippins had violated several conditions of his probation. The affidavit alleged that Tippins had: a) violated condition (3) of his probation by moving from the Salvation Army Rehabilitation Center without prior permission; b) violated condition (7) of his probation by possessing drugs or narcotics, which Tippins not only admitted, but which was confirmed by a positive urine test for the illegal drug Marijuana, during a court-ordered random drug urine screen conducted on or about December 23, 2004; c) twice violated condition (9) of his probation by failing to appear at the probation office on December 20th and 22nd as directed, to undergo a random urine test; d) violated condition (13), by failing to remain in drug treatment; and e) violated condition (14), by failing to submit to urine tests as directed

by his probation officer. (See Exhibit 1-R: Affidavit of Violation of Probation, filed in Case Nos. 02-2314, 02-8726 and 03-7794).

A revocation hearing was conducted on February 28, 2005, at which time Tippins admitted the violation and entered a plea of guilty as to count one. (See Exhibit 1-G: Judgment and Sentence filed in Case No. 02-2314). The court then revoked Tippins's probation and sentenced him to 5 years incarceration, to run concurrent with the sentences imposed in case numbers 02-8726, and 03-7794. (See Exhibit 1-G).

**2) Case No. 02-8726**:

On June 19, 2002, Tippins was charged in Case No. 02-8726, with one count of Robbery With a Firearm, in violation of §§ 812.13(1)&(2) and 775.087(2), Fla. Stat. (2002), and one count of Being a Felon in Possession of a Firearm, in violation of § 790.23(1), Fla. Stat. (2002). (See Exhibit 1-H - Information filed in Case No. 02-8726.

On November 3, 2003, a Supercedes Information was entered charging Tippins with Being a Felon in Possession of a Firearm, in violation of §§ 790.23(1), Fla. Stat. (2002), 775.087(2). (See Exhibit 1-J-Supercedes Information filed in Case No. 02-8726). On November 3, 2003, Tippins entered a plea of guilty as charged, and was sentenced to a fifteen year term of incarceration which was suspended; and Tippins was placed on a five-year period of probation to run concurrent with the probation imposed in case number 02-2314. (See Exhibit 1-I- Judgment and Sentence filed in Case No. 02-8726).

On January 11, 2005, an affidavit of violation of probation was filed alleging that Tippins had violated several conditions of his probation. The affidavit alleged that Tippins had: a) violated condition (3) of his probation by moving from the Salvation Army Rehabilitation Center without prior permission; b) violated condition (7) of his probation by

possessing drugs or narcotics, which Tippins not only admitted, but which was confirmed by a positive urine test for the illegal drug Marijuana, during a court-ordered random drug urine screen conducted on or about December 23, 2004; c) twice violated condition (9) of his probation by failing to appear at the probation office on December 20th, and 22nd, as directed to undergo a random urine test; d) violated condition (13), by failing to remain in drug treatment, and e) violated condition (14), by failing to submit to urine tests as directed by his probation officer. (See Exhibit 1-R: Affidavit of Violation of Probation, filed in Case Nos. 02-2314, 02-8726 and 03-7794). A revocation hearing was conducted on February 28, 2005, at which time Tippins admitted the violation and entered a plea of guilty as to count one. (See Exhibit 1-K- Judgment and Sentence filed in Case No. 02-8726).The court then revoked Tippins's probation and sentenced him to 15 years in prison, to run concurrent with the sentences imposed in case numbers 02-2314, and 03-7794. (See Exhibits 1-K, and 1-T).

**3) Case No. 03-7794**:

On June 4, 2003, Tippins was charged in case number 03- 7794, with one count of Delivery of Cocaine, in violation of § 893.13(1)(A), Fla. Stat. (2003), and one count of Possession of Cocaine, in violation of § 893.13(6)(A), Fla. Stat. (2003). (See Exhibit 1-L- Information filed in Case No. 03-7794). Tippins entered pleas of guilty to the charges and on November 3, 2003, was sentenced to a 15-year term of incarceration on count one which was suspended, and was placed on a five-year period of probation. He received a five-year prison term on count two, but this sentence was also suspended and a five-year period of probation was imposed. (See Exhibit 1-— Judgment and Sentence filed in Case No. 03-7794). The probationary periods were to run concurrently with the probation

imposed in case numbers 02-2314 and 02-8726. (See Exhibit M).

On June 30, 2004, an Affidavit of Violation of Probation was filed. (See Exhibit 1-–Affidavit of Violation of Probation, filed in Case No. 03-7794). On July 21, 2004, Tippins admitted his second violation of his probation. The Order Modifying probation was filed on November 23, 2004. The court modified his probation to require that he enter and successfully complete the DACCO residential drug program, and to continue probation after the program was complete. (See Exhibit 1-Q: Order of Modification of Probation, filed in Case Nos. 02-2314, & 03-7794).

On September 10, 2004, an Affidavit of Violation of Probation was filed alleging that Tippins had failed to successfully complete the DACCO residential drug program as required in condition (17) of his previously modified probation order. (See Exhibit 1-P: Affidavit of Violation of Probation, filed in Case Nos. 02-2314 and 03-7794). On November 16, 2004, although filed on February 1, 2005, the court modified his probation again, this time requiring that Tippins enter and successfully complete the Salvation Army residential drug program, and to continue probation after the program was complete. (See Exhibit 1-S-Order of Modification of Probation, filed in Case Nos. 02-2314 and 03-7794).He was to be held in custody until a bed became available. (See Exhibit 1-R).

On January 11, 2005, another affidavit of violation of probation was filed alleging that Tippins had violated several conditions of his probation. The affidavit alleged that Tippins had: a) violated condition (3) of his probation by moving from the Salvation Army Rehabilitation Center without prior permission; b) violated condition (7) of his probation by possessing drugs or narcotics, which Tippins not only admitted, but which was confirmed by a positive urine test for the illegal drug Marijuana, during a court-ordered random drug

urine screen conducted on or about December 23, 2004; c) twice violated condition (9) of his probation by failing to appear at the probation office on December 20th and 22nd as directed, to undergo a random urine test; d) violated condition (13), by failing to remain in drug treatment; and e) violated condition (14), by failing to submit to urine tests as directed by his probation officer. (See Exhibit 1-R- Affidavit of Violation of Probation, filed in Case Nos. 02-2314, 02-8726 and 03-7794).

A revocation hearing was conducted on February 28, 2005, at which time Tippins admitted the violation and entered a plea of guilty as to count one. (See Exhibit 1-T- Transcript Copy of Violation of Probation Hearing filed in Case Nos. 02-2314, 02-8726 and 03-7794). The court then revoked Tippins's probation and sentenced him to 5 years in prison, both counts to run concurrent to each other and with the sentences imposed in case numbers 02-2314, and 02-8726. (See Exhibit 1-O- Judgment and Sentence filed in Case No. 03-7794).

### B) Direct Appeal:

**Case No. 2D05-1289**:

The Notice of Appeal was filed in the Second District Court of Appeal on March 14, 2005. (See Exhibit 2: Notice of Appeal filed March 14, 2005, and the Second District Court of Appeal's Case Docket Sheet in Case No. 2D05-1289). Subsequently, during the pendency of the appeal, Tippins filed a Notice of Pending Motion to Correct Sentence and a copy of the Motion to Correct a Sentencing Error filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), on September 7, 2005. (See Exhibit 3 - Notice and Motion to Correct a Sentencing Error, filed September 7, 2005, in Appeal Case No. 05-1289). On September 8, 2005, the Second District Court of Appeal entered an Order directing the

Trial Court Clerk to Supplement the Record with records pertaining to the Motion to Correct a Sentencing Error and Order on such. (See Exhibit 4 - Order directing the Trial Court Clerk to Supplement the Record, filed September 8, 2005, in Appeal Case No. 05-1289).

On October 12, 2005, the trial court entered an order entitled "Order Granting Motion to Correct Sentencing Error." (See Exhibit 5 - Order Granting Motion To Correct Sentencing Error, filed October 12, 2005, in Appeal Case No. 05-1289). On November 30, 2005, counsel filed Tippins's Initial Brief on the Merits, raising one issue: THE TRIAL JUDGE ERRED IN FINDING THAT THE APPELLANT HAD VIOLATED CONDITION THREE OF HIS PROBATION BY MOVING FROM HIS RESIDENCE WITHOUT FIRST PROCURING HIS PROBATION OFFICER'S CONSENT. (See Exhibit 6). On May 3, 2006, counsel for the Office of the Attorney General filed "Answer Brief of Appellee." (See Exhibit 7). On May 17, 2006, Tippins's appellate counsel filed a Notice of Voluntary Dismissal. (See Exhibit 8).

On May 24, 2006, the Second District Court of Appeal granted the voluntary dismissal and dismissed appellate Case No. 2D05-1289. (See Exhibit 9)

### C) MOTION FOR POSTCONVICTION RELIEF - Case Nos. 02-2314, 02-8726, and 03-7794:

Tippins's pro se Rule 3.850 Motion for Postconviction Relief, raising various grounds was filed on August 22, 2005. (See Exhibit 10-B) On April 19, 2006, Tippins, pro se, filed "Tippins's Amended 3.850 Postconviction Motion to Set Aside his Conviction and Sentence" raising five grounds for relief. (See Exhibit 10-C). Subsequently, on February 2, 2007, Tippins filed another pro se Rule 3.850 Motion for Postconviction Relief pursuant (See Exhibit 10-A).

The state trial court summarily denied grounds one and four of the motion, and ordered the State to show cause why Tippins was not entitled to relief on grounds two, three, and five. (See Exhibit 10-D). The State's response to the Order to Show Cause was filed on June 27, 2007. The State argued that ground two of the motion was without merit, but recommended that an Evidentiary Hearing be set on grounds three and five raising ineffective assistance of counsel claims. (See Exhibit 10-E). On October 30, 2007, the trial court entered an order setting a Status Conference, and Granting an Evidentiary Hearing on grounds two, three and five of Tippins's Rule 3.850 motion. (See Exhibit 10- F).

On February 5, 2008, the Court held an evidentiary hearing on grounds two, three and five. (See Exhibit 10-H - Transcript Copy of Evidentiary Hearing held on February 5, 2008, before the Honorable Judge Anthony K. Black).  On March 12, 2008, the state trial court denied Tippins's motions for postconviction relief. (See Exhibit 10-G).

### D) Appeal of Denial of Postconviction Relief in Appeal Case No. 2D08-1786:

Tippins filed a Notice of Appeal of the trial court's Order Denying his Motions for Postconviction Relief on April 14, 2008. (See Exhibit 11). On June 9, 2008, Tippins filed his pro se Initial Brief on the Merits, in which he raised one ground for relief:  THE LOWER COURT ERRED BY DENYING PETITIONER'S 3.850 MOTIONS FOR POSTCONVICTION RELIEF.  On May 22, 2009, the Second District Court of Appeal per curiam affirmed the trial court's denial of postconviction relief. (See Exhibit 17).  *Tippins v. State*, 11 So. 3d 953 (Fla. 2d DCA 2009). The mandate issued July 13, 2009. (Exhibit 18).

Tippins then filed his 28 U.S.C. § 2254 petition in this Court, raising four grounds of ineffective of assistance of counsel.  Tippins previously raised these claims in his Rule

3.850 motions for postconviction relief. Three of the claims were denied after an evidentiary hearing, and one was summarily denied. All of the postconviction claims were raised on appeal and are exhausted in state court.

## STANDARDS OF REVIEW

### AEDPA STANDARD

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involve an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

### INEFFECTIVE ASSISTANCE OF COUNSEL STANDARD

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

DISCUSSION

GROUND ONE

Tippins alleges ineffective assistance of counsel for failure to file a motion to dismiss the charge on count two (Felon in Possession). Specifically, Tippins contends that, after count one (Robbery with a Firearm) of the information was dismissed, counsel should have moved to have count two dismissed as well. Tippins alleges that the State had insufficient evidence to convict him on the Felon in Possession count after the Robbery count was dismissed, and therefore counsel was ineffective for failing to file a motion to dismiss the Felon in Possession count.

This claim has no merit. At the evidentiary hearing, defense counsel testified that he considered a motion to dismiss, but felt that he did not have good grounds to file it. (See Exhibit 10-H; R:261-265,319-321). Moreover, counsel testified that even if he had filed a motion to dismiss, the State would have filed a traverse, effectively defeating Tippins's motion to dismiss. (See Exhibit 10; R:278-282, 335-338). Having weighed the credibility of the testimony at the Evidentiary Hearings, the record shows that the state trial court accepted as credible the facts to which counsel testified and found that counsel considered filing a motion to dismiss, but believed it would not have been successful. *See Smith v. State*, 697 So. 2d 991, 992 (Fla. 4th DCA 1997)(stating that, following an evidentiary hearing, the finder of fact can rely upon testimony it finds to be credible); *see also State v. Davis,* 932 So. 2d 1246, 1249 (Fla. 3d DCA 2006)(noting that counsel cannot be deficient for failing to undertake a futile act). The trial court found that counsel could not be deemed ineffective for failing to file a motion to dismiss. In denying relief on this ineffective assistance claim, the state post-conviction court found counsel's testimony more credible

than Tippins's testimony. The state postconviction court's credibility determination is presumed correct. *See Baldwin v. Johnson*, 152 F.3d 1304, 1316 (11th Cir. 1998)("We must accept the state court's credibility determination and thus credit [the attorney's] testimony over [the Petitioner's]"), *cert. denied*, 526 U.S. 1047 (1999); *Devier v. Zant*, 3 F.3d 1445, 1456 (11th Cir. 1993)("Findings by the state court concerning historical facts and assessments of witness credibility are. . . entitled to the same presumption accorded findings of fact under 28 U.S.C. § 2254(d)."), *cert. denied*, 513 U.S. 1161(1995). Tippins presents no basis for rejecting the State post-conviction court's credibility determination. 28 U.S.C. § 2254(e)(1). Tippins fails to demonstrate that trial counsel's performance fell outside the bounds of reasonable professional judgment, *Waters v. Thomas*, 46 F.3d at 1512; *Chandler v. United States*, 218 F.3d at 1314, and fails to provide any evidence substantiating his claim that trial counsel was ineffective. Consequently, Tippins fails to meet either *Strickland's* deficient performance requirement or prejudice requirement to support a claim of ineffective assistance. *Strickland v. Washington*, 466 U.S. at 69 1-92. The State post-conviction court neither unreasonably applied *Strickland* nor unreasonably determined the facts in rejecting this claim. See 28 U.S.C. § 2254(d)(1), (2).

Ground one does not warrant habeas relief.

### GROUND TWO

Tippins alleges ineffective assistance of counsel for failure to take depositions in cases 02-2314 and 03-7794. Specifically, Tippins claims that his counsel would not take depositions, and when the trial court denied him the services of other counsel, he had to accept the plea offer because counsel was not prepared for trial.

This claim also has no merit. At the evidentiary hearing, counsel testified that he did

not complete depositions because Tippins was anxious to enter a plea, and that if Tippins had not wanted to enter a plea, he would have conducted depositions. (See Exhibit 10- H, Vol.2; R:277-278, 334-335). Having weighed the credibility of the testimony at the Evidentiary Hearings, the record shows that the trial court accepted the facts to which counsel testified as credible, and found that because Tippins made the decision to enter a plea rather than to proceed to trial, counsel could not be deemed deficient for failing to investigate a witness in preparation for trial. *See Smith v. State*, 697 So. 2d 991, 992 (Fla. 4th DCA 1997); *see also State v. Davis*, 932 So. 2d 1246, 1249 (Fla. 3d DCA 2006).

The trial court found that counsel was not ineffective. Tippins presents no basis for rejecting the State post-conviction court's credibility determination. See 28 U.S.C. § 2254(e)(1). In this case, the trial court, and in turn, the state District Court by its affirmance, have already answered the question of whether Tippins's convictions were proper.

The state court's findings which constitute factual determinations, are entitled to the presumption of correctness provided under 28 U.S.C. § 2254(e)(1), which Tippins does not overcome. Tippins has failed to allege and show that the state decision resulted in an unreasonable application of clearly established federal law or an unreasonable determination of the facts in Tippins's case. Tippins fails to demonstrate that trial counsel's performance fell outside the bounds of reasonable professional judgment, *Waters v. Thomas,* 46 F.3d at 1512; *Chandler v. United States*, 218 F.3d at 1314, and fails to provide any evidence substantiating his claim that trial counsel was ineffective. Consequently, Tippins fails to meet either *Strickland*'s deficient performance requirement or prejudice requirement to support a claim of ineffective assistance. *Strickland v. Washington*, 466 U.S. at 69 1-92. The State post-conviction court neither unreasonably applied *Strickland* nor

unreasonably determined the facts in rejecting this claim. See 28 U.S.C. § 2254(d)(1), (2).

Ground two does not warrant habeas relief.

## GROUND THREE

Tippins alleges ineffective assistance of counsel for allowing him to be sentenced to incarceration for a violation of probation on a case number for which no probation had been imposed. Specifically, Tippins asserts that he is serving a fifteen-year sentence on Case No. 02-8726 for violating probation on that case when no probation had been previously imposed on that case number. Tippins is incorrect in his claims. The record shows that on November 3, 2003, Tippins was given a fifteen-year suspended sentence, and 5 years probation in Case No. 02-8726. (See Exhibits 1 and 10). On February 28, 2005, Tippins's probation was revoked in Case No. 02-8726, and Tippins was sentenced to fifteen years incarceration. (See Exhibit 10).

Tippins alleges that his Affidavit for Violation of Probation indicates that he was found in violation for Case No. 03-19507. However, in the order dated April 10, 2007, the trial court noted that Tippins's charge in Case No. 02-8726 was erroneously numbered Case No. 03-19507 for a period of time. However, Case No. 03-19507 was for another, unrelated Defendant. (See Exhibit 10). Although Case No. 03-19507 is erroneously included as one case number on one of his violation of probation affidavits, Tippins is not subject to any sentence in Case No. 03-19507, and Tippins was correctly sentenced under Case No. 02-8726.

Tippins is incorrect in his assertion that he was not imposed a suspended sentence and probation in case 02-8726. Tippins pled guilty to being a felon in possession in Case No. 02-8726 on November 3, 2003, and was given a fifteen- year suspended sentence, and

14

five years probation. (See Exhibit 10). On February 28, 2005, Tippins was found in violation of his probation in Case No. 02-8726. The case number was incorrectly noted on the Affidavit of Violation of Probation, but the discrepancy was resolved by the trial court and counsel on February 28, 2005, when the trial court sentenced Tippins on the violation of probation in Case No. 02-8726. (See Exhibit 10-S).

Ground three does not warrant habeas corpus relief.

## GROUND FOUR

Tippins alleged counsel was ineffective for advising him to enter a plea when the State had insufficient evidence to convict him of the charges. Tippins claims that the witness would not have been able to testify that he had been in possession of a firearm, and therefore the State would not have had sufficient evidence to convict him of being a Felon in Possession of a Firearm.

Ground four is also without merit. At the evidentiary hearing, counsel testified that although Tippins was of the opinion that the State would not be able to convict him of the charge because of insufficient evidence, defense counsel disagreed. Counsel testified he was aware that contrary to Tippins's opinion, the State had eye witnesses who would have put a gun in Tippins's hand. (See Exhibit 10-H; Vol.2; R:262-279, 319-336).

Moreover, counsel testified that it was his practice to review with the client the options, and then allow the client to decide what to do, and that in this case specifically, he did not coerce or encourage Tippins to enter a plea. (See Exhibit 10- H; Vol.2; R:267,324-326). It was Tippins's decision to enter a plea. (See Exhibit 10-H; Vol.2; R:267, 270-324). Having weighed the credibility of the testimony at the Evidentiary Hearings, the record shows that the trial court accepted the facts to which counsel testified as credible,

and found that counsel could not be deemed deficient. The trial court properly denied this claim. After believing and accepting the testimony of trial counsel, as being true, and rejecting the conflicting allegations of Tippins as being untrue and unworthy of belief, the trial court found that Tippins failed to demonstrate that counsel's performance was deficient and failed to prove the existence of a reasonable probability that the results of the trial would have been different. *Strickland*, 466 U.S. at 694.

Tippins does not meet his burden under the AEDPA. Tippins does not show the state decision was contrary to or an unreasonable application of federal law as established by the Supreme Court or an unreasonable determination of the facts in light of the evidence. The State post-conviction court neither unreasonably applied *Strickland* nor unreasonably determined the facts in rejecting this claim. See 28 U.S.C. § 2254(d)(1), (2).

Tippins misunderstands the role of federal habeas review. It has long been established that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution -- not to correct errors of fact. *See, e. g., Moore v. Dempsey*, 261 U.S. 86, 87-88 (1923) (Holmes, J.)("What we have to deal with [on habeas review] is not the Petitioner's innocence or guilt but solely the question whether their constitutional rights have been preserved"); *Hyde v. Shine*, 199 U.S. 62, 84 (1905) ("It is well settled that upon habeas corpus the court will not weigh the evidence"); *Ex parte Terry*, 128 U.S. 289, 305 (1888)("As the writ of habeas corpus does not perform the office of a writ of error or an appeal, [the facts establishing guilt] cannot be re-examined or reviewed in this collateral proceeding"). "Section 2254(d) provides a "highly deferential standard for evaluating state court rulings." *Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA makes "habeas corpus relief more difficult to obtain." *Pettiway v. Vose*, 100 F.3d 198, 200 n. 1 (1st Cir. 1996).

Finally, in the event constitutional error is found in a habeas proceeding, the relevant harmless error standard is set forth in *Brecht v. Abrahamson*, 507 U.S. 619 (1993). The test is "less onerous" then the harmless error standard enunciated in *Chapman v. California*, 386 U.S. 18 (1967). "The test is whether the error had substantial and injurious effect or influence in determining the jury's verdict. Under this standard, habeas Petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" *Brecht*, 507 U.S. at 637.

The State introduced overwhelming evidence of Tippins's guilt. Thus, the trial court did not abuse its discretion in denying the Rule 3.850 postconviction motions. Although no constitutional error has occurred in Tippins's case, any possible error would clearly be harmless beyond any reasonable doubt based on the facts and the record herein. When ineffective assistance is alleged, the burden is on the person seeking collateral relief to specifically allege the grounds for relief and to establish whether the grounds resulted in prejudice. Effective assistance of counsel does not mean that a defendant must be afforded errorless counsel or that future developments in law must be anticipated. *Meeks v. State*, 382 So. 2d 673 (Fla. 1980). In *Downs v. State*, 453 So. 2d 1102 (Fla. 1984), the Florida Supreme Court stated that the defendant must affirmatively prove prejudice. Tippins's conclusory statements without supporting facts are insufficient. Tippins is not entitled to errorless counsel, but is entitled to representation by counsel. When this representation becomes so deficient as to deny the Defendant the representation guaranteed by the 6th Amendment, it is deemed ineffective. In any ineffectiveness case, judicial scrutiny of an attorney's performance must be highly deferential and there is a strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 694. Tippins failed to show that any alleged error constituted a substantial and serious deficiency measurably below that of competent counsel.

Ground four does not warrant habeas relief.

## TIPPINS'S REPLY TO THE RESPONSE

The Court finds Tippins arguments in the reply unpersuasive and repetitious of what he alleged in his petition.

Accordingly, the Court orders:

That Tippins's petition for writ of habeas corpus (Doc. 7) is denied. The Clerk is directed to enter judgment against Tippins and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in

these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on August 23, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Gary Tippins